```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

   UNITED STATES OF AMERICA              CRIMINAL ACTION

   VERSUS                                 NO: 98-279

   RAFAEL CRUZ                            SECTION: "J"
```

### ORDER

Before the Court is petitioner Rafael Cruz's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Rec. Doc. 30.) The Government opposes the motion. (Rec. Doc. 34.) The Court has reviewed Cruz's motion and memorandum, the Government's response, the record, and the applicable law. The Court has determined that an evidentiary hearing is not warranted. For the following reasons the Court finds that the motion should be **DENIED**.

### BACKGROUND

Cruz was arrested by local law enforcement officials on March 2, 1998, and booked on state drug trafficking charges. To avoid prosecution he fled the district. On November 5, 1998, a

Federal Grand Jury returned an indictment against Cruz charging two counts of distributing "a quantity of Heroin." (Rec. Doc. 1.) More than five years later, in April of 2004 Cruz was taken into federal custody in the Eastern District of New York as he arrived from Spain in possession of a false passport from the Netherlands. He was then removed to the Eastern District of Louisiana. The sworn Removal Complaint indicates that, in the days preceding his arrest, Cruz had traveled from the Dominican Republic to New York, and from New York to Spain. Upon arrival in Spain he was refused entry because of the false passport. The Spanish authorities put him on a return flight to New York where he was arrested.

On June 21, 2004 Cruz pleaded guilty to both counts of the indictment. Cruz had a Spanish interpreter and a Spanish-speaking attorney at his rearraignment. During the rearraignment, the Court advised Cruz that for each count he faced a maximum term of imprisonment of 20 years, a maximum fine of $1 million, a maximum of three years of supervised release following imprisonment, and a $100 special assessment. In addition the Court specifically ascertained that Cruz had read and understood the Government's Factual Basis. Cruz admitted that the Factual Basis accurately represented his criminal conduct.

According to the Factual Basis, Cruz distributed more than 100, but less than 400, grams of heroin. The Court calculated Cruz's guideline sentence range based upon his admission to distributing that quantity. Cruz did not object to the quantity used; in fact he swore to the Court that it was accurate. Cruz was sentenced to 97 months imprisonment for counts one and two, to be served concurrently, a three year term of supervised release, and a $200 special assessment.

Cruz appealed on the grounds that his Sixth Amendment right to a jury trial was violated when this Court enhanced his sentence on the basis of obstruction of justice when no jury had found that fact. The Fifth Circuit Court of Appeals rejected the argument because Cruz had admitted in the Factual Basis that he had fled prosecution. (Rec. Doc. 27.) Cruz did not appeal his sentence based on the quantity of heroin or on errors in his removal proceeding.

## DISCUSSION

Cruz seeks collateral review of his sentence based on three grounds. The first alleges that the Court failed to correctly advise Cruz of the maximum sentence facing him, in violation of Federal Rule of Criminal Procedure 11. The second alleges violation of his Sixth Amendment right to effective assistance of

counsel at his rearraignment. The third alleges violation of his Sixth Amendment right to effective counsel at extradition proceedings in Spain and New York.

The first two grounds stem from a creative if unavailing semantic argument. Cruz argues that because he was indicted for distributing "a quantity" of heroin, and because "a" means one, he should have been advised of a maximum sentence based upon distribution of 1 gram of heroin. However, because "quantity" does not mean "gram", the Court is unconvinced of the validity of this underlying argument, or of the error in calculating Cruz's maximum sentence. In addition, the Court advised Cruz as to the maximum sentence facing him based not only upon the indictment, but more specifically upon the Factual Basis that Cruz swore was accurate.

Because Cruz failed to raise these objections at his district court proceedings or on direct appeal, he must show "cause" for failing to raise them, and "actual prejudice" resulting from the errors before the Court should even consider them.[1] *U.S. v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994). Cruz

---

[1] This is assuming that the Rule 11 allegation rises to the level of a constitutional violation. If it does not, the required showing is even more stringent. Because Cruz fails to meet the more lenient constitutional standard, the Court need not determine whether he would meet the more stringent standard.

has failed to allege any reasons for failing to raise these objections previously. In addition, given the invalidity of Cruz's underlying arguments, Cruz has failed to prove an error in his maximum sentence or in counsel's failure to object. Finally, Cruz alleges that he was advised at rearraignment of a maximum sentence that was *too high*, yet he pleaded guilty despite this. Therefore, no actual prejudice could have resulted. The Court concludes that Cruz is barred from raising these claims for the first time on collateral review.

Cruz's third ground for appeal, improper extradition proceedings, fails for the same reasons. First, there is no indication in the record that Cruz was ever subject to extradition proceedings, so the merits are highly questionable on the face of the objection. Second, Cruz has failed to give any reasons for failing to raise the objection earlier. Finally, Cruz has failed to show any prejudice resulting from the alleged proceedings. Cruz is barred from raising this objection for the first time on collateral review.

Accordingly,

**IT IS ORDERED** that Rafael Cruz's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Rec. Doc. 30.) is **DENIED**

New Orleans, Louisiana this the 2nd day of May, 2006.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE